# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| YUKON POCAHONTAS COAL CO., et al., | ) ) | |
| Petitioners, | ) ) | Civil Action No.: 1:05cv00098 |
| v. | ) ) ) | **REPORT AND RECOMMENDATION** |
| ISLAND CREEK COAL CO., INC., | ) | By: PAMELA MEADE SARGENT |
| Respondent. | ) | United States Magistrate Judge |

This case comes before the court on request for review of a prior arbitration proceeding between the respective parties. Respondent, Island Creek Coal Company, ("Island Creek"), being a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Pennsylvania, removed this matter to this court pursuant to 28 U.S.C. § 1446, alleging that the Petitioners, Yukon Pocahontas Coal Company, Buchanan Coal Company and Sayers-Pocahontas Coal Company, (collectively "Yukon"), are all general partnerships organized in accordance with the laws of the Commonwealth of Virginia. If that is the case, this court has diversity jurisdiction over this matter under 28 U.S.C. §§1332 and 1441. Island Creek seeks dismissal of this matter pursuant to Federal Rule of Civil Procedure 12(b)(6), (Docket Item No. 2). The motion to dismiss is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

-1-

*I. Facts*

Since this matter is before the court on Island Creek's motion to dismiss, the facts as alleged by Yukon in its request for review and attached documents will be accepted as true. *See De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (holding that the court must take all well-pleaded material allegations of the complaint as admitted and view them in the light most favorable to the plaintiff in deciding a 12(b)(6) motion. The facts concerning the background of this matter are set forth in the arbitration decision attached as an exhibit to Yukon's request for review. On July 29, 1961, Yukon and Island Creek entered into a lease agreement, ("the Lease"), (Exhibit 1 to Response To Respondent's/Appellee's Motion To Dismiss, ("Yukon's Response")), (Docket Item No. 6), for coal mining on 27,000 acres of land owned by Yukon in Buchanan County, Virginia. Island Creek, by the terms of the Lease, was to mine the coal located on Yukon's land.

The Lease provided that any difference or dispute arising between the parties in relation to any provision of the Lease or the rights or duties of either party under the Lease would be submitted to a panel of arbitrators. The Lease provided a method for choosing the panel of arbitrators, but it did not specifically provide any right of appeal or any time limit for the filing of an appeal. The Lease did state that "arbitration ... shall be a condition precedent to any suit, action or proceeding to enforce or determine any disputed right, duty or obligation arising hereunder."

On or about August 6, 1998, Yukon demanded arbitration of its alleged claim for damages that arose from the loss or abandonment of coal by Island Creek during

-2-

Case 1:05-cv-00098-GMW-PMS   Document 13   Filed 02/10/06   Page 2 of 13   Pageid#: 276

the course of Island Creek's mining activities on the property. From the outset, the arbitration proceeding was mired in controversy. Finally, after an arduous five-year discovery period, a two-week evidentiary hearing was held from August 16, 2004, through August 27, 2004, before a three-person arbitration panel, ("the Panel"). The Panel was convened to determine the parties' rights and obligations under the Lease. Also, the Panel was asked to review Yukon's allegations of breach of contract, loss of coal and trespass by Island Creek.

Once the arbitration proceeding began, it became apparent that the parties needed to resolve the issue of what binding effect would be given to the Panel's decision. After a brief recess in the proceeding, Yukon and Island Creek resolved this issue and placed their agreement on the record. They agreed that the Panel's findings of fact would be final, binding and non-appealable with, however, a reserved right to file an application to the Panel informing the Panel that it may have announced its own findings of fact inappropriately. In other words, with regards to the findings of fact, Yukon and Island Creek agreed that they could file an application with the Panel to resolve clerical errors; otherwise the Panel's findings of fact were binding. Yukon and Island Creek further agreed that if either believed that the Panel had erroneously applied the law to a dispositive issue, then that party would have a right to appeal the erroneous application of the law. The parties did not address the issue of which forum should hear any such appeal, nor did the parties address any time period for filing any such appeal.

The main contention that precipitated the arbitration arose from the mining activity at the Beatrice Mine. The Beatrice Mine was mined by Island Creek from

-3-

Case 1:05-cv-00098-GMW-PMS   Document 13   Filed 02/10/06   Page 3 of 13   Pageid#: 277

1964 until it was idled in 1986. A decision was made in 1986 to idle the mine because of the plummeting market price of coal during the 1980s. Due to the drop in coal prices, Island Creek determined that it was no longer profitable to operate the mine, so Island Creek decided to idle the mine. After this idle period, Island Creek realized that there was no economically feasible way to mine coal from the Beatrice Mine, so the shaft was filled in and the surface was reclaimed in 1992. In 1993, a lease was acquired by the Consolidation Coal Company, ("Consol"). Consol then obtained a permit from the Virginia Division of Mined Land Reclamation and commenced pumping water from Consol's Buchanan No. 1 Mine into the Beatrice Mine. It was estimated that Consol pumped 2.8 billion gallons of toxic wastewater into the Beatrice Mine without Yukon's permission.

On June 20, 2005, after both Island Creek and Yukon submitted their findings of fact and conclusions of law to the Panel, the Panel returned an unanimous 3-0 decision in favor of Island Creek. The Panel found that the mining methods chosen by Island Creek were in accordance with approved methods of modern mining that existed at that time, that it was not profitable to remove marketable coal from the Beatrice Mine due to the fall in coal market prices, that Island Creek's actions did not cause coal in the Beatrice Mine to be lost or threatened, that Yukon's cause of action for breach of the Lease was barred by the five-year statute of limitations for breach of contract under Virginia Code Annotated § 8.01-246(2) and that Yukon did not sustain any actionable damage from the flooding of the Beatrice Mine.

Due to a delay in the delivery of the decision to Yukon, the effective date of the Panel's decision was not June 20, 2005, the date of entry, but rather July 19, 2005, the

day it was actually received by Yukon. On August 8, 2005, Yukon submitted an Application/Petition to Modify, Correct And Clarify the Panel's decision. (Exhibit C to Island Creek's Notice Of Removal), (Docket Item No. 1.) However, on September 30, 2005, the Panel denied Yukon's Application/Petition to Modify, Correct And Clarify. (Exhibit D to Island Creek's Notice Of Removal.)

On October 17, 2005, Yukon filed a Notice Of Appeal And *De Novo* Review of the Panel's decision in the Circuit Court of Buchanan County, Virginia. (Exhibit A to Island Creek's Notice Of Removal.) Island Creek then filed a Notice Of Removal from the Buchanan County Circuit Court to this court on November 11, 2005. (Docket Item No. 1.) Island Creek next filed the motion to dismiss currently before the court on November 8, 2005. (Docket Item No. 2.)

## *II. Analysis*

As stated above, in ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court should accept as true all well-pleaded allegations and view the complaint in a light most favorable to the plaintiff. *See De Sole*, 947 F.2d at 1171(citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), "[A] ... 12(b)(6) motion should be granted only in very limited circumstances." *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989). The court may not dismiss a complaint unless the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Island Creek first asserts in its Respondent/Appellee Island Creek Coal Company's Motion To Dismiss Notice Of Appeal And *De Novo* Review, ("Motion"), that Yukon's notice of appeal is untimely as a matter of law. To support this argument, Island Creek cites the 10-day statutory limit for *de novo* appeals from Virginia general district courts to the circuit courts and the 30-day time limit for appeals taken from the circuit courts to the Virginia Supreme Court. *See* VA. CODE ANN. § 16.1-106 (2003 Repl. Vol.) and VA. S. CT. R. 5:9(a); Motion at 4. However, as discussed below, these time limits are inapplicable to this appeal.

Under the Uniform Arbitration Act, VA. CODE ANN. § 8.01-581.01 *et seq.*(2000 Repl. Vol. & Supp. 2005)*,* a party to an arbitration award may file an application with "a court of this Commonwealth having jurisdiction over the subject matter of the controversy" to vacate, modify or correct an award within 90 days after delivery of a copy of the award. *See* VA. CODE ANN.§§ 8.01-581.010, 8.01-581.011, 8.01-581.013, 8.01-581.014 (2000 Repl. Vol.). Although the Uniform Arbitration Act was not enacted until 1986, 25 years after the parties entered into the Lease, it was in effect when the parties entered into their oral agreement in 2004 modifying their original agreement. Under the Uniform Arbitration Act, a party can seek to vacate, modify or correct an award only in very limited circumstances. *See* VA. CODE ANN. §§ 8.01-581.01, 8.01-010, 8.01-581.011.

By way of their oral agreement, the parties in this case expanded their appeal rights beyond those afforded to them under the Uniform Arbitration Act, in that the parties agreed to allow an appeal on the grounds that the Panel erroneously applied the

-6-

Case 1:05-cv-00098-GMW-PMS   Document 13   Filed 02/10/06   Page 6 of 13   Pageid#: 280

law. However, while the parties agreed that they would have this expanded right to appeal erroneous applications of the law, they did not set a time limit to perfect this appeal. Therefore, this court must decide what time limit was appropriate for this expanded right of appeal since the parties' agreement was silent.

Island Creek argues that, pursuant to § 8.01-581.016, an appeal shall be taken in the manner and to the same extent as from orders or judgments in civil actions. Island Creek further argues that pursuant to §16.1-106, civil judgments in general district court must be appealed within 10 days of entry and that, pursuant to Virginia Supreme Court Rule 5:9(a), civil judgments in circuit court must be appealed within 30 days of entry. However, this case does not involve an appeal of a final court order or judgment of a Virginia court enforcing the Panel's decision, since neither party has moved a court, pursuant to Virginia Code Annotated § 8.01-581.09, to confirm the arbitration award. The time limit for appeals taken from a general district court or the time limit for appeals to the Supreme Court of Virginia would be applicable only if this appeal was an appeal of a final court order or judgment entered by one of these courts and taken pursuant to Virginia Code Annotated § 8.01-581.016. This matter more closely resembles a petition to vacate the Panel's decision insomuch as the expanded appeal right created by Yukon and Island Creek more closely mirrors a motion to vacate than an appeal under the Uniform Arbitration Act. Thus, pursuant to Virginia Code Annotated § 8.01-581.010, a party to an arbitration has 90 days after receiving the arbitration award to move the court to vacate the award. Therefore, I hold that the 90-day period found in § 8.01-581.010, as opposed to the 30-day appeal period, should apply to this appeal.

It is undisputed by the parties that Yukon received the award on July 19, 2005, and filed its appeal on October 17, 2005. Therefore, Yukon filed the petition for review within the applicable 90-day period.

I note that it is somewhat disingenuous for Island Creek to argue that Yukon had a right to appeal for only 30 days from July 19, 2005, when, in fact, Island Creek could have moved a court, pursuant to Virginia Code Annotated § 8.01-581.09, to confirm the award and, thereby, trigger the 30-day limitation for appeals under Virginia Code Annotated § 8.01-581.016.

Island Creek's Motion next argues that Yukon's notice of appeal does not conform to the statutory bases for appeal as laid out under Virginia Code Annotated § 8.01-581.016. Once again, this matter is not an "appeal" of a final order or judgment of a Virginia court as contemplated by Virginia Code Annotated § 8.01-581.016. Rather, Yukon is appealing the Panel's decision pursuant to the right of appeal created by the parties by their oral agreement reached. Therefore, the statutory conditions for appeal as set forth in Virginia Code Annotated § 8.01-581.016 are not applicable to this proceeding.

The next argument contained in the Motion is that Yukon's form of post-trial relief falls outside the scope of the parties' agreement. Yukon's initial pleading in this matter seeks an appeal of the Panel's decision, as well as a de novo review. Yukon asserts that the Panel's action in refusing to grant its request for reconsideration, in essence, nullified the parties' agreement allowing such reconsideration. That being the case, Yukon argues the court must look to the parties' original agreement to

-8-

Case 1:05-cv-00098-GMW-PMS   Document 13   Filed 02/10/06   Page 8 of 13   Pageid#: 282

arbitrate in the Lease, which stated that arbitration was only a condition precedent to litigation.

Being mindful of the fact that this matter is before the court on a motion to dismiss, and taking the facts as alleged by Yukon as true, I find that Yukon is not entitled to de novo review of the Panel's factual findings. The parties in the case entered into an agreement to arbitrate their disputes arising from the Lease. It is clear from the pleadings and attachments that the parties clarified that agreement by their oral agreement entered into at the arbitration proceedings. The terms of that agreement as put on the record state that the parties had agreed that the factual findings of the Panel would be binding. These terms also included a right to petition the Panel to reconsider its decision and the right to appeal the Panel's application of the law to the facts. Therefore, I find that the parties, by their agreement, gave up any right to de novo review of the factual findings of the Panel. That being the case, if the court should find that the Panel erred as a matter of law in refusing to consider Yukon's request for reconsideration, the court may recommit the matter to the Panel for reconsideration of its factual findings.

Island Creek's final argument is that Yukon's appeal should be dismissed because it has failed to perfect its appeal as required by law. Specifically, Island Creek argues that Yukon has not articulated any specific findings of fact or conclusions of law that it believes to be without support in the record. In support of this argument, Island Creek provides a plethora of Virginia cases, all of which stand for the proposition that Virginia requires a high level of specificity in pretrial pleadings. However, the Virginia standard is not the standard required by this court.

Federal courts employ a "notice" pleading standard. Pursuant to Federal Rule of Civil Procedure 8(a), a party need only include in its complaint a "short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief the pleader seeks." Furthermore, "[e]ach averment of a pleading shall be simple, concise, and direct." FED. R. CIV. P. 8(a). "No technical forms of pleading or motions are required." FED. R. CIV. P. 8(e). A plaintiff is only required to include such detail that will notify the defendant of the claims against him. *See Conley*, 355 U.S. at 47-48.

In its petition, (Exhibit C to Island Creek's Notice Of Removal), (Docket Item No. 1.) Yukon alleges that the parties to this matter agreed only that the arbitration finding would be binding as to its factual findings, but would be reviewable as to the erroneous application of the law. If that is so, it would appear that Yukon would have the right to seek review of the Panel's legal decisions. Therefore, given the general liberal purview of the notice pleading standard under the Federal Rules of Civil Procedure, I find that Yukon has alleged sufficiently specific facts to meet this court's notice pleading standard.

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. The parties to this action entered into the Lease agreement in 1961 which contained an agreement to arbitrate any disputes arising from their rights

or obligations under the Lease;

2. The agreement to arbitrate contained in the Lease was modified by oral agreement placed on the record at the proceedings before the Panel;

3. Pursuant to this agreement, the factual findings of the Panel were binding on the parties. The parties also agreed to allow a right to petition the Panel to reconsider its decision and to appeal the Panel's application of law to its factual findings;

4. Yukon's initial pleading filed in the case contains a petition to appeal the Panel's decision, as well as a request for de novo review of the Panel's factual findings;

5. The parties' agreement that the Panel's factual findings would be binding on the parties prevents this court from reviewing the Panel's factual findings de novo;

6. Pursuant to the parties' agreement, this court may review the Panel's legal conclusions, including its decision denying Yukon's request for review;

7. Regarding Yukon's appeal, the time periods for appeal set forth in Virginia Code Annotated § 16.1-106 and Virginia Supreme Court Rule 5:9(a) are inapplicable to this case;

8. The appropriate time limit for the filing of Yukon's appeal is found in Virginia Code Annotated § 8.01-581.010;

9. Yukon filed its appeal in a timely manner with the 90 days required by Virginia Code Annotated § 8.01-581.010;

10. The bases for appeal set out in Virginia Code Annotated § 8.01-581.016 are inapplicable to this appeal; and

-11-

11. Yukon's petition alleges facts specific enough to comply with federal "notice" pleading standards.

**RECOMMENDED DISPOSITION**

Based on the above-stated reasons, I recommend that the court deny the Motion, (Docket Item No. 2).

**Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C § 636(b)(1)(C):

> Within ten days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period the Clerk is directed to transmit the record in this matter to the Honorable Glen M. Williams, Senior United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all

counsel of record.

DATED: February 10, 2006.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

-13-